IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| | § | **CASE NO. 6:16-CR-17-JDK** |
| **vs.** | § § § § | |
| **BRANDON MICHAEL ALLEN (8)** | § § | |

**REPORT AND RECOMMENDATION
ON REVOCATION OF SUPERVISED RELEASE**

On August 5, 2021, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Lucas Machicek. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute Methamphetamine, a Class C felony, Defendant Brandon Michael Allen was sentenced on May 23, 2017 by United States District Judge Thad Heartfield. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 15 and a criminal history category of VI, was 41 to 51 months. Defendant was sentenced to 48 months of imprisonment to be followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, psychoactive substance prohibition and a $100 special assessment.

Defendant completed his term of imprisonment and started his term of supervised release on November 27, 2019. The case was re-assigned to United States District Judge Jeremy D. Kernodle on April 16, 2020.

### *Allegations*

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on May 17, 2021, United States Probation Officer Ben Sanders alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 3): The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted a urine specimen that tested positive for methamphetamine on April 6, 2020. It is further alleged that Defendant submitted urine specimens on September 4, November 18, and December 21, 2020 that tested positive for methamphetamine and marijuana.

2. **Allegation 2 (mandatory condition 1): The defendant shall not commit another federal, state, or local crime.** It is alleged that Defendant was arrested in Caddo Parish, Louisiana on April 12, 2021 for allegedly committing the offense of Illegal Possession of Stolen Things, a felony offense, after deputies discovered the motorcycle Defendant was riding was stolen out of Gregg County, Texas.

3. **Allegation 3 (standard condition 3): The defendant must not knowingly leave the federal judicial district where he is authorized to reside without first getting permission from the court or the probation officer.** It is alleged that Defendant was outside the Eastern District of Texas on April 12, 2021 without permission of the U.S. Probation Officer.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked

upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine or committing the offense of Illegal Possession of Stolen Things as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline range for a Grade B violation is 21 to 27 months of imprisonment, which is capped by the statutory maximum of 2 years. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using methamphetamine or marijuana or by leaving the district without permission as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline range for a Grade C violation is 8 to 14 months of imprisonment.

### *Hearing*

On August 5, 2021, Defendant appeared for a final revocation hearing. Assistant United States Attorney Lucas Machicek announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request a sentence of 18 months of imprisonment with no further supervised release. After the Court

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition. Defendant requested a recommendation for designation at FCI Memphis or, alternatively, FCI El Reno.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 18 months of imprisonment with no further supervised release. The recommended sentence is higher than the applicable guideline range, but it represents an agreement between the parties that takes into consideration the totality of the circumstances and Defendant's criminal history. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 18 months of imprisonment with no further supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights

and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 18 months of imprisonment with no further supervised release. The judgment should reflect credit for time served from Defendant's date of arrest on this petition, April 12, 2021.

So ORDERED and SIGNED this 5th day of August, 2021.

_K. Nicole Mitchell_
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE